MORTON YATES, AN INFANT, BY NELLIE YATES, HIS NEXT FRIEND, AND NELLIE YATES, PLAINTIFFS-RESPONDENTS, v. KATHLEEN MADIGAN AND CLARENCE MORRELL, DEFENDANTS-APPELLANTS, AND ELVA MORRELL, DEFENDANT.

Submitted October 13, 1933—Decided March 23, 1934.

444

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellants, *Edward A. Markley* and *Howard McIntyre*.

For the respondents, *Arthur M. Birdsall* and *Theodore D. Parsons*.

The opinion of the court was delivered by

HEHER, J. This is an appeal from a judgment in favor of plaintiffs in an action to recover damages for injuries tortiously inflicted. A rule to show cause why the verdict should not be set aside, on the ground that the awards were excessive, and containing a reservation of all exceptions, was discharged. There was a highway collision between a motorcycle driven by one Biggers, containing the infant plaintiff,

and an automobile owned by defendant, Elva Morrell, and operated by defendant, Kathleen Madigan. The latter was operating the vehicle under a permit issued by the commissioner of motor vehicles, in the company and under the supervision of defendant, Clarence Morrell, a duly licensed driver. A verdict in favor of defendant, Elva Morrell, was directed. The jury returned a verdict in favor of plaintiffs against the remaining two defendants, and the latter appeal.

The first point urged is that there was error in the denial of appellants' motions for a nonsuit and a direction of a verdict in their behalf. It is insisted that there was no proof of negligence on their part, and that, even so, the evidence is conclusive that the proximate cause of the collision was the negligence of the operator of the motorcycle.

The motions were properly denied. The motorcycle was proceeding in an easterly direction on West Warren avenue, in the borough of Spring Lake Heights. The pavement was of concrete, about twenty feet wide. The entire width of the street was about thirty feet. The automobile was moving in a northerly direction on Old Mill road, a gravel road. The collision occurred at the intersection of these highways. There was a "stop" sign on Old Mill road, about thirty-eight feet south of West Warren avenue. The motorcycle was on a main artery of traffic. Appellants were driving on a by-road that carried comparatively little traffic. There were obstructions that obscured the view of those approaching the intersection. It is conceded that appellant, Clarence Morrell, was at the time instructing his co-appellant in the use of the operating devices. At a point six feet from the concrete pavement on Warren avenue, there was an unobstructed view along Warren avenue to the west for a distance of five hundred and fifty feet. At a point fifteen feet, there was a view for a distance of two hundred and fifty feet. The infant plaintiff testified that, "as we approached the corner a car came out on top of us, and we upset." There was testimony that the automobile was moving at a speed of between twenty and thirty miles per hour. There was testimony also that the motorcycle was not moving at a speed

that would tend to establish negligence. Appellants both testified that they looked to the west when they reached the intersection, but did not see the motorcycle. Morrell insisted that·the automobile's speed was not in excess of five miles per hour. He said that when the front wheels of the automobile were about one-third over the first section of the concrete pavement, he looked again, but did not see the motorcycle. He did not see it until it was five or six feet from him. Appellant, Madigan, said she did not see the vehicle before the collision. The driver of the motorcycle was able to quit it before the collision, without sustaining serious injury. The fact that the motorcycle struck the left side of the automobile is, of course, not conclusive on the issue of negligence.

In passing upon motions to nonsuit and for the direction of a verdict, the court cannot weigh the evidence, but must take as true all evidence which supports the view of the party against whom the motions are made, and must give him the benefit of all legitimate inferences which are to be drawn therefrom. And unless it is established by the evidence beyond fair debate that plaintiff was negligent, and that his negligence directly contributed to the injury complained of, a motion to nonsuit or direct a verdict will be denied. The question of contributory negligence, in a case such as this, is in a peculiar sense one for a jury. *Lipschitz* v. *New York and New Jersey Produce Corp.,* 111 *N. J. L.* 392.

It is also asserted that there was error in the refusal to charge a request that, in substance, directed the jury not to consider, as an element of negligence, the alleged failure of appellant, Madigan, to "stop at the stop sign," if the jury found that there was no evidence to that effect. This did not accurately state appellants' duty. The statute (*Pamph. L.* 1928, *p.* 739) provides that the vehicle shall be brought "to a complete stop at a point within five feet of the nearest crosswalk or a 'stop' line marked upon the pavement, at the nearest side of such 'stop street.' " Moreover, assuming its technical accuracy, it is difficult to perceive the necessity of this specific instruction. If the jury found there was no

such evidence, it could not, under the instructions clearly given, assume it in appraising appellants' conduct. The charge stated fully the applicable principles, and a statement of the obvious would serve no useful purpose.

The remaining requests to charge presented by appellants, the denial of which is assigned as error, relate to the right of way and the relative rights of vehicle operators at highway intersections. They ignored the provisions of the act of 1928, referred to above, and were therefore properly rejected.

Judgment affirmed, with costs.